UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANIA GUERRA ESTRADA,

       Plaintiff,

Case No. 2:26-cv-00990-KCD-KRH

   v.

DIRECTOR, U.S. CITIZENSHIP &
IMMIGRATION SERVICES
(USCIS),  SECRETARY,
DEPARTMENT OF HOMELAND
SECURITY,  US ATTORNEY
GENERAL,

       Defendants,

                                    /

## **ORDER**

Plaintiff Dania Guerra Estrada has sued the United States Citizenship and Immigration Services (USCIS) and several federal officials, seeking to compel the agency to expedite its consideration of her immigration paperwork. The dispute centers on two applications—a Form I-485 seeking adjustment of status under the Cuban Adjustment Act, and a derivative Form I-765 seeking employment authorization—that have been pending for several months. (*See* Doc. 1.)[1] Estrada now demands a preliminary injunction compelling USCIS to immediately address her applications. (Doc. 16.)

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). To obtain one, a plaintiff must establish four things: a substantial likelihood of success on the merits, that she will suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in her favor, and that an injunction is in the public interest. *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000). The first of these factors—a likelihood of success on the merits—is the most critical. If the plaintiff cannot show she is likely to win, the inquiry ends.

Estrada's motion fails right out of the gate. The Immigration and Nationality Act "precludes jurisdiction over challenges to USCIS delays in adjudicating Form I-485 adjustment of status applications." *Sterkh v. Edlow*, No. 8:26-CV-1656-KKM-SPF, 2026 WL 1723708, at *2 (M.D. Fla. June 15, 2026). Likewise, this "Court has no subject matter jurisdiction to" order USCIS to adjudicate "eligibility for a pre-waiting list work authorization." *Hidalgo Canevaro v. Wolf*, 540 F. Supp. 3d 1235, 1243 (N.D. Ga. 2021). When a court lacks subject-matter jurisdiction over a claim, the plaintiff's likelihood of success is absolute zero. Because Estrada does not address this unfavorable case law or explain how the Court has jurisdiction to award the relief sought, she has not carried her burden on the merits. The motion for preliminary injunction (Doc. 16) is therefore **DENIED**.

**ORDERED** in Fort Myers, Florida on June 30, 2026.


Kyle C. Dudek
United States District Judge

3